United States District Court
Southern District of Texas
**ENTERED**
September 28, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| 1.4G HOLDINGS LLC, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:23-cv-03572 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| ELITE FIREWORKS LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING MOTION TO DISMISS**

Plaintiff 1.4g Holdings, LLC is a Nevada limited liability company that owns various copyrights, trademarks, and trade dress for use with fireworks and fireworks-related products. Dkt 1 at ¶ 3, 19–45. Defendant Elite Fireworks, LLC is a Texas limited liability company that sells consumer fireworks. Dkt 7 at 3.

Plaintiff filed this case in the United States District Court for the District of Nevada in December 2022, asserting various intellectual property claims under federal law and two claims under Nevada common law. Dkt 1. Defendant filed a motion to dismiss for lack of personal jurisdiction, improper venue, and lack of standing. Dkt 7.

At a hearing on September 8, 2023, the motion to dismiss was granted as to transfer only. Dkt 43. This mooted the motion to dismiss to the extent that it asserted lack of personal jurisdiction and improper venue in Nevada.

The case has since transferred here. Dkt 44. Still pending in the motion to dismiss is assertion as to lack of standing. Specifically, Defendant argues that Plaintiff

doesn't have standing to bring claims for trademark infringement under 15 USC § 1114(a)(1) because it isn't the owner of those registrations in the records of the US Patent and Trademark Office. It bases this argument on the fact that the records list 1.4g Holdings, a Michigan company, as the owner of the marks, and Plaintiff here is a Nevada company. Dkt 7 at 19.

Even assuming that legal premise to be correct, Plaintiff's response adequately explains the discrepancy regarding the state of incorporation. Dkt 11 at 23. 1.4g Holdings was initially formed under Michigan law, but it converted to a Nevada limited-liability company in September 2022. Dkt 11-1 at ¶ 3. It asserts that the US Patent and Trademark Office records still reflect the Michigan ownership "pending bureaucratic correction." Ibid. Defendant didn't contest this explanation in its reply. Dkt 13.

At the pleading stage, the plaintiff must clearly allege facts that demonstrate it has standing. See *Spokeo Inc v Robins*, 578 US 330, 338 (2016), quoting *Warth v Seldin*, 422 US 490, 518 (1975). Plaintiff has met this burden. The motion to dismiss the § 1114(a)(1) claims for lack of standing—and the motion as a whole—will be denied.

The motion to dismiss for lack of personal jurisdiction, improper venue, and lack of standing is DENIED. Dkt 7.

Defendant should proceed to timely answer. A scheduling and docket control order will enter separately.

The parties may request a status conference, if desired.

SO ORDERED.

Signed on September 28, 2023 at Houston, Texas.

*[signature]*
Hon. Charles Eskridge
United States District Judge